**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

Civil No. 00-2198 DWF/AJB

and

MARTHA ORTEGA,

Plaintiff-Intervener,

v.

**ORDER**

MINNESOTA VALLEY ACTION COUNCIL,

Defendant.

---

The above matter came before the Court on Plaintiffs' Motion to Modify Pretrial Scheduling Order and to Compel Discovery. A previous Order was issued, dated May 3, 2001. In said Order, Plaintiffs' Motion to Compel Discovery was taken under advisement. Now, based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Compel Discovery is **granted in part, denied in part and dismissed in part** [Docket No. 15];

2. With respect to the requests made in paragraphs 4, 6, 7, 8 & 11 of the April 5, 2001 letter, Plaintiffs' motion presents no controversy and is dismissed without prejudice as moot;

3. With respect to the requests made in paragraphs 1, 2, 3, 5 and 10 of the April 5, 2001 letter, Plaintiffs' motion is denied;

FILED MAY 17 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

4. With respect to the requests made in paragraph 9 of the April 5, 2001 letter, Plaintiffs' motion is granted.

Dated: 5/17/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiffs served Requests for Production of Documents, to which Defendant responded. Thereafter, Plaintiffs deposed several agents of Defendant. During those depositions, Plaintiffs learned of the existence of several documents, which were not produced, and which Plaintiff believes fall within the scope of the document requests. Plaintiffs issued a letter dated April 5, 2001 ("April 5 letter"), wherein they requested specific documents. These specific requests are the subject of this motion to compel.

Defendant makes several arguments with respect to the April 5 letter. First, Defendant represents that, with respect to paragraphs numbered 4, 6, 7, 8 & 11, the April 5 letter requests material that is either unavailable or has already been produced. The Court has no reason to doubt this representation. Therefore, Plaintiffs' motion is moot to the extent it relates to paragraphs numbered 4, 6, 7, 8 & 11, of the April 5 letter.

Defendant also contends that the April 5 letter makes requests that fall outside the scope of Plaintiffs' original Document Requests and is therefore follow-up discovery. Plaintiffs disagree, contending that each specific request, in the April 5 letter, corresponds to an earlier Document Request. The Court has reviewed the April 5 letter and concludes that:

1. Paragraphs 1 & 3 of the April 5 letter make requests that falls outside the scope of Plaintiffs' original Requests for Production and therefore constitute follow-up discovery. With respect to these requests, Plaintiffs' motion is premature. Defendant shall provide formal responses to these requests and thereafter, if there are any remaining issues, and only after the parties have conferred or attempted to confer in an effort to resolve the matter without Court action, Plaintiff may bring a motion to compel.

2. Paragraph 9 of the April 5 letter essentially duplicates Plaintiffs' Request for Production No. 1. The documents requested therein shall be produced.

Defendant also argues that the April 5 letter requests documents that fall within the work-product privilege. Although Defendant does not specify these requests by paragraph number, it appears that Defendant is referring to paragraphs 2, 5 & 10 of the April 5 letter. The documents, which Defendant contends are protected by the work-product doctrine, have been bate stamped and submitted to the Court for *in camera* review. For reasons discussed below, the Court concludes that these at-issue documents are protected work product.

**The Work-Product Doctrine**

This matter is before the Court based on federal-question jurisdiction. Therefore, issues involving privileges are governed by federal law, even if there are pendent state law claims. Hancock v. Hobbs, 967 F.2d 462, 467 (11th Cir. 1992), Hancock v. Dodson, 958 F.2d 1367, 1373 (6th Cir. 1992), Von Bulow v. Von Bulow, 811 F.2d 136, 141 (2nd Cir. 1987), Wm. T. Thompson Co. v. General Nutrition Corp., Inc., 671 F.2d 100, 104 (3rd Cir. 1982), Memorial Hosp. for

McHenry County v. Shadur, 664 F.2d 1058, 1061 & n.3 (7th Cir. 1981); but see Motley v. Marathon Oil Co. 71 F.3d 1547, 1551 (10th Cir. 1995).

The party seeking to withhold material, on grounds of privilege, has the burden to establish the existence of the privilege. U. S. v. Humphreys, 982 F.2d 254, 259 (8th Cir. 1992) (citation omitted).

The work-product privilege, which is expressed in FED. R. CIV. P. 26(b)(3), is intended to prevent unwarranted discovery of materials prepared in anticipation of litigation. Simon v. G.D. Searle & Co., 816 F.2d 397, 400 (8th Cir. 1987). The fundamental question is "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Id. at 401 (quoting 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2024 (1st ed. 1970)).

"[T]he privilege which attaches to 'ordinary' or 'fact work product' may be defeated by an appropriate showing . . . of 'substantial need' and of 'undue hardship.'" Lumber v. PPG Industries, Inc., 168 F.R.D. 641, 644 (D. Minn. 1996) (citation omitted). On the other hand, "opinion work product enjoys a very nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *In re* Murphy, 560 F.2d 326, 336 (8th Cir. 1977) (citation omitted).

**Documents Numbered 0001-0005**

Documents numbered 0001-0005 are notes of attorney Bailey W. Blethen, counsel for Defendant. These documents were clearly prepared because of litigation and are therefore privileged work product. Although some of the notes relate factual matters, and might otherwise

be considered ordinary work product, attorney Blethen's mental impressions, conclusions, opinions, or legal theories are reflected in what was noted. Therefore, these documents are opinion work product, which may only be discovered in extraordinary circumstances. Baker v. General Motors Corp., 209 F.3d 1051, 1054 (8th Cir. 2000) (citation omitted) ("Attorney notes reveal an attorney's legal conclusions because, when taking notes, an attorney often focuses on those facts that she deems legally significant."). Plaintiffs have failed to show extraordinary circumstances.

**Documents Numbered 0006-0009 & 0013-0022**[1]

Documents numbered 0006-0009 & 0013-0022 are notes and memorandums authored by agents (employees and directors) of Defendant. These documents were clearly prepared because of litigation and are therefore privileged work product. Plaintiffs suggest that these documents cannot be work product because they were not drafted by an attorney, nor do they reflect an attorney's thought process. The Court disagrees. First, the plain language of FED. R. CIV. P. 26(b)(3) provides that work product includes documents prepared by a party. Here, the documents were prepared by Defendant (acting through its agents). Next, just because a document does not reflect an attorney's thought process, does not mean it ceases to be work product. It just means that the document is "ordinary" work product, which may be overcome by a showing of substantial need.

[1]Documents numbered 0010-0012 are pages of helicopter advertisements. These documents fall under the requests made by paragraph 8 of the April 5 letter. Defendant has represented that these documents have already been provided.

**Substantial Need**

Plaintiffs contend they have demonstrated substantial need because of apparent inconsistencies between answers to interrogatories and deposition testimony. The Court is unconvinced. Plaintiffs have/had the opportunity to depose every person who authored the "ordinary" work product. There is nothing to prevent questions concerning the creation of the documents or facts contained within the documents. Onwuka v. Federal Express Corp., 178 F.R.D. 508, 513 (D. Minn. 1997) (citations omitted) ("[T]he work product doctrine . . . does not protect facts concerning the creation of work product or facts contained within the work product."). The depositions should provide ample opportunity to explore the apparent inconsistencies. The at-issue documents would merely provide corroborative evidence. Thus, there can be no finding of substantial need. Baker, 209 F.3d at 1054 (citation omitted) ("A party also does not demonstrate substantial need when it merely seeks corroborative evidence.").

**Waiver**

As a final matter, Plaintiffs argue that Defendant has waived the work-product privilege. Specifically, Plaintiffs contend that, by failing to assert the work-product privilege in its responses to Plaintiffs' Document Requests, Defendant has waived the privilege. For authority, Plaintiffs cite FED. R. CIV. P. 26(b)(5), 33 & 34. The Court disagrees. First, Rule 33 has no application here, as that rule deals with interrogatories and not document requests. Next, Rules 34 and 26(b)(5) do not mandate a particular sanction. The Court acknowledges that it may, in its discretion, conclude that Defendant has waived the work-product privilege by failing to

immediately assert it.[2] The Court does not believe, however, that this situation warrants a "hair-trigger" finding of waiver. Having said that, the Court suggests that Defendant should not, in the future, test the limits of the Court's discretion.

Plaintiffs also contend that Defendant waived the work-product privilege by allowing several deponents to testify, without objection, to the contents of the at-issue documents. The Court, however, has not been provided excerpts of this testimony.

AJB

[2] This discretion also allows the Court to impose some lesser sanction, such as fees and costs. Plaintiffs have not asked for such sanctions.