**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

Civil No. 00-2198 DWF/AJB

and

MARTHA ORTEGA,

Plaintiff-Intervener,

v.

**ORDER**

MINNESOTA VALLEY ACTION COUNCIL,

Defendant.

The above matter came before the Court on (1) Plaintiffs' motion to compel and for sanctions; (2) Defendant's motion to amend the Pretrial Scheduling Order and to withdraw admissions; and (3) Defendant's motion to compel discovery. To the extent that it is a motion to compel, Plaintiffs' motion has been withdrawn. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion for sanctions is **granted** [Docket No. 36];
2. Defendant shall pay Plaintiff Ortega's counsel in the amount of $1,000;
3. Defendant's motion to amend the Pretrial Scheduling Order and to withdraw admissions is **granted as stated herein** [Docket No. 44];
4. Defendant's motion to withdraw admissions is granted; and

FILED SEP 26 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

5. Defendant's motion to compel is **denied** [Docket No. 41].

Dated: September 26, 2001

Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

On May 29, 2001, Defendant's insurance provider, Reliance Insurance Company, was placed in Rehabilitation according to a Pennsylvania court order. According to the Pennsylvania court order, all cases involving parties insured by Reliance were stayed for sixty days. Two days later, on May 31, 2001, Plaintiffs served Defendant with a Request for Production of Documents and a Request for Admissions (hereafter "the discovery requests").

In mid-June, with an eye toward the Pennsylvania court order, Defendant tried to convince Plaintiffs to stipulate to a 60-day stay. Plaintiffs declined. Thereafter, on June 25, 2001, Defendant filed a motion to stay. Although the time for responding to the discovery requests was running out,[1] Defendant did not ask the Court for an emergency conference regarding either the impending deadline or the motion to stay. Instead, the hearing on the motion to stay was set for July 18, 2001, two weeks after the discovery requests should have been answered.

---

[1]According to FED. R. CIV. P. 36(a) & 34(b), Plaintiffs' discovery requests should have been answered by July 2, 2001.

Both before, and after, Defendant filed the motion to stay, Plaintiffs attempted to get Defendant to respond to the discovery requests. Defendant declined, taking the position that, until the Court addressed the motion to stay, it would abide by the Pennsylvania court order.

The hearing on the motion to stay did not take place until August 1, 2001, which was one month after the discovery requests should have been answered and one month after the discovery deadline had passed. In an Order dated August 1, 2001, the Court denied the motion to stay.

Then, on August 2 and 3, 2001, Defendant served Plaintiff Ortega and Plaintiff EEOC , respectively, with its answers to the Request for Admissions (but not the Request for Documents).

**A. Plaintiffs' Motion for Sanctions**

On August 3, 2001, Plaintiffs filed a motion to compel answers to the Request for Documents and for sanctions. On August 13, 2001, Defendant answered the Request for Documents. Therefore, as noted above, to the extent that it sought answers to the Request for Documents, Plaintiffs' motion was withdrawn. However, Plaintiffs still seek $1,000 in attorney fees for filing the motion to compel.

If requested discovery is produced after a motion to compel is filed, the Court shall require the party necessitating the motion to pay to the moving party the expenses incurred in making the motion, unless the non-disclosure was substantially justified. FED. R. CIV. P. 37(a)(4)(A). Here, the Court concludes that, in not answering the Request for Documents until August 13, 2001, Defendant took a position that was not substantially justified. Therefore, Plaintiffs' motion for sanctions is granted.

**B. Defendant's Motions**

According to FED. R. CIV. P. 36(b), a party who fails to file a timely response to a request for admission, in effect, admits the matter addressed in the request. Here, although Defendant did not file a timely response to Plaintiffs' Request for Admissions, Defendant eventually filed a response. Defendant moves that its late response be accepted. The Court treats Defendant's motion as a motion to withdraw its admissions. Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1313 (8th Cir. 1983) (noting that a late response is equivalent to a withdrawal of an admission). A motion to withdraw admissions is governed by FED. R. CIV. P. 36(b), which provides in relevant part:

> Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

As the above-quoted language suggests, Rule 16 places an additional burden on a late-responding party when accepting the late response would be inconsistent with a pre-trial order. Here, Defendant responded to Plaintiffs' Request for Admissions after the discovery deadline, which was set by the Pretrial Scheduling Order. Therefore, before analyzing the matter further, the Court must ask whether there was "good cause" for Defendant's late response. The Court concludes that there was good cause for the late response. Although Defendant turned out to be *very* ill-advised in concluding that, even in the absence of this Court's order it should abide by the Pennsylvania court order, Defendant's position was not taken in bad faith.

The next step under 36(b) is to ask whether upholding the admissions would hinder the presentation of the merits of the suit and whether the Plaintiffs would meet prejudice by allowing

the withdrawal of the admissions. The Court has reviewed the at-issue "admissions," and concludes that upholding them would hinder the presentation of the merits of this suit. This is especially true since the matters addressed in the at-issue admissions have already been addressed in deposition testimony. Upholding the admissions would create contradictory evidence.

With respect to prejudice, Plaintiffs present mere possibilities. Plaintiffs argue that, if Defendant were allowed to withdraw its admissions, Plaintiffs would be forced to look over Defendant's responses to determine if they are sufficient or if they provoke further discovery. The Court is not persuaded or impressed. Plaintiff should have looked them over before submitting a brief (or at least before presenting oral argument). The Court concludes that Plaintiffs have failed to demonstrate prejudice.

As a final matter, Defendant also presents a motion to compel certain financial and tax documents belonging to Plaintiff Ortega. The Court denies this motion. First, Defendant has failed to present good cause for presenting the motion at this time. Next, the motion presents a moot controversy because Plaintiff Ortega has represented that she has no documents that are responsive to Defendant's request.