**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

and

MARTHA ORTEGA,

Plaintiff-Intervener,

v.

MINNESOTA VALLEY ACTION COUNCIL,

Defendant.

Civil No. 00-2198 DWF/AJB

**ORDER**

The above matter came before the Court on Defendant's motion for a stay of proceedings. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for a stay is **granted as stated herein** [Docket No. 54];
2. This action is stayed until April 3, 2002;
3. On December 3, 2001, and every 30 days thereafter, Defendant shall inform the Court (with copy to opposing counsel) as to the status of its insurance coverage and legal representation; and
4. The stay shall be lifted if, from the monthly updates provided, the Court determines that the stay no longer furthers the purpose stated in MINN. STAT. §

FILED NOV 13 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

60C.195, to wit, "to permit proper defense by the association of all pending causes of action."

Dated: 11/13/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff-Intervener Martha Ortega ("Ortega") is a former employee of Defendant MVAC. Plaintiff EEOC filed this Title VII action alleging that MVAC subjected Ortega to unlawful discrimination. Thereafter, Ortega intervened in the suit, seeking damages for the alleged discrimination. On May 29, 2001, Defendant's insurance provider, Reliance Insurance Company ("Reliance"), was placed in Rehabilitation according to a Pennsylvania court order. On October 3, 2001, Reliance was ordered liquidated. Defendant is now before the Court asking for a six-month stay pursuant to MINN. STAT. § 60C.195, which reads in relevant part:

> All proceedings in which the insolvent insurer is a party or is obligated to defend a party in a court in this state shall . . . be stayed for six months and additional time that may be determined by the court.

In opposing the motion, Plaintiffs ask the Court to apply, by analogy, the Eighth Circuit's ruling in EEOC v. Rath Packing Co., 787 F.2d 318 (8th Cir. 1986). In Rath Packing, the Eighth Circuit held that the automatic stay provision of the bankruptcy code did not apply to a Title VII action brought by the EEOC. Id. at 324-25. This case, however, unlike Rath Packing, involves more than a government unit enforcing its police or regulatory powers. This case also involves a private party seeking damages.

Plaintiffs also argue that this Court is not bound by MINN. STAT. § 60C.195. This may be true; however, the Court concludes that a stay is appropriate here. The Minnesota Insurance Guaranty Association Act sets forth a detailed scheme to regulate insurance companies. The Act is intended to, *inter alia*, "minimize excessive delays in payment and to avoid financial loss to claimants or policyholders because of the liquidation of an insurer." MINN. STAT. § 60C.02, subd. 2. This is a strong state interest, which should not be lightly brushed aside. In the interest of comity, the Court grants the stay. This is well within the Court's inherent powers. Webb v. Rowland & Co., Inc., 800 F.2d 803, 808 (8th Cir. 1986) ("The district court also has the inherent power to grant a stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it.").

AJB