UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, | ) | Civil No. 00-2198 DWF/AJB |
| and | ) | |
| MARTHA ORTEGA, Plaintiff-Intervenor, | ) | **CONSENT DECREE** |
| v. | ) | |
| MINNESOTA VALLEY ACTION COUNCIL, Defendant. | ) | |

This action was filed by the Equal Employment Opportunity Commission ("EEOC") on September 26, 2001 pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. In its complaint, the Equal Employment Opportunity Commission ("EEOC") alleges that Defendant, Minnesota Valley Action Council ("MVAC" or "Defendant") discriminated against Martha Ortega on the basis of her national origin. Specifically, the EEOC alleges that MVAC terminated Ortega's employment because she is Mexican and in retaliation for her complaints about discrimination. Martha Ortega intervened in the lawsuit alleging violations of Title VII, the Minnesota Human Rights Act and 42 U.S.C. §1981 for the same conduct alleged by the EEOC.

Defendant denies that it has committed any of the violations alleged by the EEOC and Ortega. The EEOC, Defendant, and Ortega (hereinafter referred to as "the parties") have agreed to settle these claims in order to reach an amicable resolution of this matter and avoid further litigation. The terms of the agreement are set forth below.

MAR 26 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

I. Monetary Relief

A. Settlement Amount

Defendant shall pay Martha Ortega $120,000.00 to settle this case and mail checks totaling that amount made payable to Martha Ortega with copies to the EEOC, at the time specified below after the date the Consent Decree is entered by the Court. The parties stipulate that this amount is full and final settlement for all damages claimed by Ortega. The checks shall be sent by certified mail, return receipt requested, to Ortega's attorney, Dorene Sarnoski and a copy of the checks shall be mailed simultaneously to the undersigned counsel for the EEOC. The payment is payable within 10 calendar days after this action is dismissed pursuant to this Consent Decree.

Neither the EEOC nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Ortega may or may not incur on such payments under local, state and/or federal law.

II. Non-Monetary Terms

A. Compliance with Title VII

Defendant will not condone or tolerate acts of national origin discrimination as prohibited by 42 U.S.C. §2000e, et. seq. Defendant will not condone or tolerate acts of retaliation against any employee or former employee for exercising the right to oppose any employment practice made unlawful by Title VII, and to make a charge, testify, assist, or participate in an investigation, proceeding or hearing under 42 U.S.C. §2000e et. seq.

B. Impact Upon the EEOC's Processing

The EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation based upon allegations not included in the above-captioned case.

C. Training

Defendant shall provide training, specifically on national origin discrimination and retaliation, to all of its personnel, including supervisors, managers and administrators, and agrees to continue to provide orientation to new employees, at its expense, relating to Defendant's obligation to maintain a work environment free from discrimination on the basis of national origin, and regarding Defendant's obligation not to retaliate against individuals who complain about discrimination in the workplace. This training will also instruct all employees on the policies and procedures of reporting, responding to and investigating claims of national origin discrimination including harassment.

D. Creation and Dissemination of Anti-Discrimination Policy

Defendant shall certify to the EEOC that it has an anti-discrimination and anti-harassment policy. Such policy will specifically outline procedures for reporting and investigating complaints of national origin discrimination including national origin harassment and retaliation, and will include the names of persons to whom discrimination complaints should be made. If no such policy exists, Defendant shall create such a policy within 30 days. This policy shall be disseminated to all employees.

E. Posting of Notice

Defendant agrees to post the notice (Exhibit A hereto) in its facility in a clear and conspicuous location customarily used for the posting of employee notices. Defendant agrees to post

this notice within five calendar days of approval of this Consent Decree by the Court for a period of 30 days.

F. Removal of References to EEOC Charge/Lawsuit from Personnel File

Defendant shall remove from Ortega's personnel file any record or indication that relates to her charge filed with the EEOC, the investigation, litigation, or resolution of the charge.

G. Neutral Reference

When and if Defendant is contacted by a prospective employer of Ortega's for an employment reference, Defendant shall provide neutral reference information, stating the dates of employment and positions held by Ortega.

H. Record-keeping and Reporting

For one year from the date of this Consent Decree, Defendant shall document and maintain records related to every complaint that it or any manager or supervisor receives from any employee alleging national origin discrimination and/or retaliation. During this period, Defendant shall also provide the EEOC with reports with the first report being due five months after the Final Order. Defendant shall provide the Commission with another report six months after the first report. The reports shall include the following information for each complaint known to Defendant: the name, address, telephone number, and social security number of all employees at Defendant's facility, if any, who, during the reporting period, complained either verbally or in writing about discrimination and/or retaliation; the date and nature of each complaint; the identity of each person to whom each complaint was made; and the action taken by Defendant in response to each complaint. Finally, the EEOC may inspect Defendant's premises, interview employees and examine and copy documents. The EEOC shall give written notice one week prior to coming on the premises for inspection.

I. Enforcement of Consent Decree

If at any time during the effective date of this Consent Decree, the EEOC believes that a violation of this Decree has occurred, prior to exercising its right to move to compel enforcement, the EEOC shall give written notice detailing the perceived violation to Defendant. Defendant shall have thirty (30) days from receipt of written notice to investigate and respond in writing to the allegation that a violation has occurred. Thereafter, the parties shall have a period of thirty (30) days, or such additional period as may be agreed upon in writing by them, in which to engage in negotiation and conciliation regarding any alleged violation before the EEOC may move to compel compliance.

J. Certification to the EEOC

Within 10 calendar days following compliance with the posting, training and creation/dissemination of anti-discrimination policy provisions of this Consent Decree, Defendant will notify the EEOC of such compliance through a letter from an appropriate representative.

K. No Other Agreements

This Consent Decree constitutes the sole agreement between and among the parties concerning the settlement of the above-captioned lawsuit. The parties agree that no promises or inducements have been made except as set forth in this Consent Decree, and that there are no other agreements, written or oral, express or implied, between or among the parties concerning the subject matter of this lawsuit, except for the release between Ortega and Defendant.

L. Enforcement of Terms of Consent Decree and Jurisdiction

Upon execution of the Consent Decree by the parties, the parties will execute a Stipulation for Dismissal with Prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), to dismiss this case without costs

to the parties, with the Court to reserve jurisdiction to enforce the terms of the Consent Decree. The affirmative obligations under this Consent Decree shall be effective and binding upon the parties for the period of 1 ½ calendar years (18 months) from its final approval by the Court. This Court shall retain jurisdiction of this action for the purpose of enforcing this Decree and entry of such further orders as may be necessary or appropriate for the same period of time, except that, if any party has, prior to the expiration of the 1 ½ year period, commenced proceedings to compel compliance, this Court will retain jurisdiction of the action until all issues relating to such compliance proceedings have been resolved. At the end of the 1 ½ year period, or as soon as all enforcement issues (if any) have been resolved, whichever occurs last, this Court will dissolve the Consent Decree and will dismiss this action with prejudice without further motion by any party.

I have read the foregoing Consent Decree, and accept and agree to the provisions contained therein.

Jean P. Kamp
Regional Attorney

Date: 3-21-02

Tina Burnside
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Minneapolis Area Office
330 S. Second Ave., Suite 430
Minneapolis, MN 55401
(612) 335-4047

Date: 3/19/02

3/6/02

Dorene R. Sarnoski
Dorene R. Sarnoski Law Office
101 Union Plaza
333 Washington Avenue North
Minneapolis, MN 55401
(612) 359-0050

Date

Attorney for Plaintiff-Intervenor
MARTHA ORTEGA

3/18/02

Silas Danielson
Blethen, Gage & Krause
127 S. Second Street
P.O. Box 3049
Mankato, MN 56002

Date

Attorney for Defendant
MINNESOTA VALLEY ACTION COUNCIL

**ORDER**

SO ORDERED this 25th day of March, 2002.

Hon. Donovan W. Frank
United States District Judge

## NOTICE TO EMPLOYEES

This Notice is being posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission (EEOC) and Minnesota Valley Action Council (MVAC). A charge was filed with the EEOC alleging that MVAC violated Title VII of the Civil Rights Act of 1964 by discriminating against an employee. Although MVAC contends that it did not intend to discriminate against any employee, as part of the agreement, MVAC has agreed to take the following steps:

1. Without admitting any violation of the law in the past, MVAC agrees not to engage in any type of discrimination, intimidation, or retaliation prohibited by Title VII. In other words, employees will not be harassed or retaliated against because they have opposed practices they believe to be discriminatory, or have participated in any manner in an investigation or court case under Title VII.

2. MVAC will continue to provide training to its staff including supervisors, managers, and administrators in regard to its policy forbidding any such discrimination, intimidation, or retaliation and providing for disciplinary action against violators.

3. MVAC has disseminated its anti-discrimination policy to its staff outlining that discrimination, harassment and retaliation is prohibited.

The EEOC enforces Title VII, which prohibits job discrimination based on race, color, religion, sex or national origin, the Age Discrimination in Employment Act, the Equal Pay Act, prohibitions against discrimination against individuals with disabilities in the federal sector, sections of the Civil Rights Act of 1991, and Title I of the Americans with Disabilities Act, which prohibits discrimination against people with disabilities in the private sector and state and local governments. The Minneapolis office of the EEOC is located at 330 S. Second St., Suite 430, Minneapolis, MN 55401. Persons may contact the EEOC either by visiting, writing or calling (612) 335-4040.

EXHIBIT A